IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRACY PARKER, et al.           :
                               :
                               :
       v.                      :      Civil No. CCB-12-223
                               :
                               :
STONEMOR GP, LLC, et al.       :

## MEMORANDUM

Plaintiffs Tracy Parker and Steve Bissell (the "plaintiffs"), on behalf of themselves and those similarly situated, have sued their former employer, StoneMor Partners, LP, StoneMor GP, LLC, StoneMor Operating, LLC, and Robert Stache, Vice President for Sales (collectively, "StoneMor" or the "defendants"), for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* Now pending before the court is a motion by plaintiffs for conditional collective action certification and court-approved notice under FLSA § 216(b). The issues in this case have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, the plaintiffs' motion will be granted in part and denied in part.

## BACKGROUND

StoneMor Partners, LP is a full-service cemetery and funeral home company that operates over 275 cemeteries nationwide. StoneMor organizes its sales operations into eight geographic regions, each of which is managed by a Regional Vice President of Sales, also known as a "regional manager." Each sales region is subdivided into one or more areas, managed by an "area manager."

Plaintiffs Tracy Parker and Steve Bissell are former sales counselors who worked at StoneMor's Glen Haven cemetery in Glen Burnie, Maryland, located in the Central Pennsylvania/Maryland sales region, between July 2011 and May 2012. The plaintiffs allege that the defendants maintained a consistent practice of knowingly and willfully refusing to pay employees for all hours worked and denying employees overtime pay for hours worked in excess of 40 hours each week.

On January 23, 2012, the plaintiffs filed this suit for unpaid wages, overtime pay, liquidated damages, treble damages, and attorneys' fees, pursuant to the Fair Labor Standards Act (FLSA) and the Maryland Wage and Hour Law, on behalf of the named plaintiffs and others similarly situated.[1] The plaintiffs also seek an order declaring that the defendants willfully violated overtime provisions of FLSA. The plaintiffs filed a motion for court supervision of the notification to potential class members along with their complaint. Thereafter, the parties agreed to engage in limited discovery with respect to issues of conditional certification. The plaintiffs now renew the motion and set forth evidence in an effort to establish the modest factual showing required for conditional certification pursuant to Section 216(b) of FLSA.[2]

---

[1] The plaintiffs seek to represent two classes of plaintiffs: Subclass I, defined as "all individuals engaged in the sale of cemetery products employed by Defendants in the last three years who were not paid minimum wage or overtime wages" in accordance with applicable federal and state laws, and Subclass II, defined as "all individuals engaged in the sale of cemetery products employed by Defendants in the State of Maryland in the last three years who were not paid minimum wage or overtime wages." (Compl., ECF No. 1, ¶ 8.)

[2] This section provides, in relevant part:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216. This provision establishes an "opt-in" scheme, whereby potential plaintiffs must affirmatively notify the court of their intention to become a party to the suit.

## ANALYSIS

Determinations of whether conditional collective action certification and court-facilitated notice are appropriate are left to the court's discretion under a "fairly lenient" standard. *See Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562-63 (E.D. Va. 2006) (regarding certification); *D'Anna v. M/A–COM, Inc.*, 903 F. Supp. 889, 893 (D. Md. 1995) (regarding notice). The "paramount issue" when making such determinations is "whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Williams v. Long*, 585 F. Supp. 2d 679, 684 (D. Md. 2008) (quoting § 216(b)). "Accordingly, plaintiffs must make a preliminary factual showing indicating a similarly situated group of potential plaintiffs exists." *Id.* This showing often consists of demonstrating that "potential claimants had been victimized by a common policy or scheme or plan that violated the law." *Id.* (internal citations and quotation marks omitted).

Generally, plaintiffs need only put forward "relatively modest" evidence that they are similarly situated in order to obtain approval to proceed as a class. *D'Anna*, 903 F. Supp. at 894. Plaintiffs may rely on affidavits or "other means," such as declarations or deposition testimony, "but mere allegations in the complaint [cannot] suffice." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 772 (D. Md. 2008); *see also Long*, 585 F. Supp. 2d at 684-85. Plaintiffs alleging FLSA overtime violations need not show that the company has a formal policy of refusing to pay overtime. *Quinteros*, 532 F. Supp. 2d at 772 (citing *Marroquin v. Canales*, 236 F.R.D. 257, 260-61 (D. Md. 2006)).

In the present case, the plaintiffs have made a modest factual showing that they are similarly situated to other sales counselors based out of StoneMor's Central Pennsylvania/Maryland region. First, William Whitacre, a former manager in the Central Pennsylvania/Maryland region, stated in his declaration that "higher level managers, including

Regional Manager Jim Lentz, instructed [him] to prohibit employees from reporting in excess of 40 hours per week and to ensure that timesheets reflected only 40 hours per week." (Whitacre Decl., ECF No. 36, Ex. 4, ¶ 3.) Harold Stewart, a former manager at a different office in the Central Pennsylvania/Maryland region, also described being told by his superiors that employees could not report more than 40 hours per week. (Stewart Decl., ECF No. 36, Ex. 5, ¶ 4.) Both managers asserted that it was "common knowledge" that employees worked more than 40 hours per week and that their regional manager was aware of the inaccurate time keeping practices. (ECF No. 36, Ex. 4, ¶¶ 4, 7; Ex. 5, ¶¶ 5, 7.) In addition, Mr. Whitacre and Mr. Stewart both testified at deposition that Regional Manager Lentz led monthly conference calls in which he indicated that cemetery sales employees should not be allowed to report more than 40 hours per week. (ECF No. 36, Ex. 10, 88-104; Ex. 11, 62-63, 69-71.)

Second, named plaintiffs Tracy Parker and Steve Bissell have submitted declarations attesting to the practices Mr. Whitacre and Mr. Stewart described. Both state that while employed as sales counselors in the Central Pennsylvania/Maryland region, they were not paid minimum wages for all hours worked, nor were they paid overtime wages even though they regularly worked more than 40 hours per week. (ECF No. 36, Ex. 2, ¶¶ 3-4; Ex. 3, ¶¶ 2-3.) Ms. Parker and Mr. Bissell also maintain that management required them to submit timesheets that did not exceed 40 hours worked each week, regardless of how many hours they actually worked. (*Id.*, Ex. 2, ¶ 7; Ex. 3, ¶ 9.) Mr. Bissell describes an incident in which, after submitting a timesheet with his actual hours worked – approximately 55 – he was called into a meeting with his manager and area manager. (*Id.*, Ex. 3, ¶ 8.) During this meeting, his area manager informed him that company policy prohibited Mr. Bissell from submitting a timesheet with more than 40 hours. (*Id.*) Thereafter, Mr. Bissell's timesheet was modified to show only 40 hours. (*Id.*) Ms.

Bissell and Ms. Parker state that they know of several other StoneMor sales counselors who were similarly denied minimum wages and overtime pay. (*Id.*, Ex. 3, ¶ 9; Ex. 2, ¶ 8.)

Third, the plaintiffs' deposition testimony corroborates these assertions. Both Ms. Parker and Mr. Bissell testified that they regularly worked overtime but were prohibited by their manager, Mark Massoni, from reporting more than 40 hours on a timesheet. (ECF No. 36, Ex. 8, 86, 145-146, 205; Ex. 9, 64-65, 67-69.) Taken together, this evidence makes the modest factual showing necessary for conditional certification of a class of sales counselors employed in StoneMor's Central Pennsylvania/Maryland region.[3]

The plaintiffs contend that the class should not be limited to the Central Pennsylvania/Maryland region but should include sales counselors working at StoneMor's offices nationwide. They argue that evidence in the form of timesheets, emails, and payroll records summaries shows that the defendants maintained a nationwide practice and policy of suppressing the accurate recording of work hours. The plaintiffs have failed, however, to provide any concrete evidence demonstrating that sales counselors in other regions are similarly situated in so far as they too were denied wages or overtime pay.[4] The court declines to enlarge the opt-in class absent an evidentiary showing that potential claimants in regions other than the Central Pennsylvania/Maryland region "had been victimized by a common policy or scheme or plan that violated the law." *Long*, 585 F. Supp. 2d at 684; *see Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 520-21 (D. Md. 2000) (limiting notice class to those employees working at a single

---

[3] As for class notice, Plaintiffs' Reply Exhibit K (ECF No. 51) addresses many of the defendants' objections to the plaintiffs' proposed notice form. The court agrees that the section of the notice informing putative class members that the defendants cannot retaliate against them if they join the action should be included.

[4] The plaintiffs have submitted 81 timesheets from at least one other region, many of which appear to have been altered to reflect 40 hours worked even though the sum of hours worked exceeds 40. Nevertheless, these timesheets represent only a fraction of the 27,000 timesheets StoneMor provided in discovery. The plaintiffs' other evidence -- email correspondence suggesting that an employee in the Midwest Region never approved overtime pay and payroll summaries allegedly indicating that overtime is reported only when commissions exceed the minimum wage -- is insufficient to show that a similarly situated class of potential plaintiffs exists nationwide.

facility because plaintiffs provided deposition testimony and declarations only from employees at that single facility).[5]

       A separate Order follows.


7/19/13                                                     /s/
Date                                                      Catherine C. Blake
                                                             United States District Judge

---

[5] The plaintiffs also argue that the defendants have a company-wide policy of misapplying various sales exemptions. Because the plaintiffs have not made a showing that such policies violate FLSA, however, they cannot use these policies to support a request for nationwide conditional certification. Indeed, the plaintiffs have failed to establish that they themselves were affected by such policies.